**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN VALLEJO, individually** | § | |
| **and on behalf of all similarly situated** | § | |
| **current and former employees,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | **Jury Demanded** |
| **GARDA CL SOUTHWEST, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff Christian Vallejo, individually and on behalf of all other similarly situated employees, by and through their counsel ("Plaintiff(s)"), bring claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 201 *et seq.* (the "FLSA"), against Garda CL Southwest, Inc., its subsidiaries and affiliates ("Defendant"), and allege, upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## BACKGROUND

1.      This is a proceeding against Defendant for violating the pay provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et. seq. (or "FLSA").  Plaintiff, a former non-exempt employee of Defendant, regularly worked in excess of 40 hours per

workweek.  However,  Defendant  failed  to  pay  Plaintiff  corresponding  overtime compensation in violation of the FLSA.

**PARTIES**

2. Plaintiff, Christian Vallejo is an individual and a resident of the state of Texas and worked for Defendant as a non-exempt armored transport employee ("ATE") during the applicable statute of limitations period.

3. Christian Vallejo was employed by Defendant as an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(1).

4. Christian Vallejo brings this case on behalf of himself and other similarly situated  employees  who  currently  work,  or  who  worked  as  "armored  transport employees" or any other similarly titled position at any time during the three-year period immediately  preceding  the  filing  of  the  original  Complaint  (hereinafter  "Violation Period"), for the Defendants.

5. Defendant,  Garda  CL  Southwest,  Inc.,  is  a  Delaware  corporation, conducting business in Texas.  Defendant may be served with process by serving its registered agent: CT Corp. System, 350 North St. Paul St., Dallas, TX 75201.

6. Garda  CL  Southwest,  Inc.,  provides  armored  transport  services  to customers throughout the State of Texas and is an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

**JURISDICTION AND VENUE**

7. The  Court  has  federal  question  jurisdiction,  28  U.S.C.  §1331,  over Plaintiff's claims of unpaid overtime and failure to pay Plaintiff for hours worked,

because these actions arise under federal law, via the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*.

8.      This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

9.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

10.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant reside in and do business within this District.  In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## **FACTS**

11.      Plaintiffs are individuals who have worked for Defendant as armored transport employees "ATEs" or any other similarly titled position during the statutory period. Plaintiffs all shared similar job titles, training, job descriptions, job requirements and compensation plans, amongst other things.

12.      Defendant managed Plaintiffs' work, including the amount of hours worked. Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies.

13.      Plaintiffs and all class members were classified by Defendants as non-exempt under the FLSA and paid an hourly rate.

14.      Plaintiff is the former employer of Defendant as defined by the FLSA, supporting regulations and FLSA jurisprudence.

15.     Despite the requirement to do so, Defendant failed to properly pay Plaintiff an overtime premium when he worked in excess of 40 hours per week.

16.     Defendant improperly failed to pay Plaintiff and class members all compensation rightfully due, including overtime pay.

17.     Defendant knew, and was aware at all times, of the above mentioned violations.

18.     The conduct alleged above reduced Defendant's labor and payroll costs.

19.     Plaintiff and class members were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation.  As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the requirements of Texas and federal wage and hour laws, Plaintiff and class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20.     Representative Plaintiff, Christian Vallejo, brings this case as a collective action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. §216(b) to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

21.     The proposed opt-in collective class of similarly situated persons is defined as: All individuals who were employed or are currently employed by one or more of the Defendants, its subsidiaries or affiliated companies as armored transport employees or in any other similarly titled position at any time during the relevant statute of limitations period.

22.     This action is properly maintained as a collective action because the Representative

Plaintiff is similarly situated to the members of the collective class with respect to job

title, job description, training requirements, job duties, Defendant's failure to pay

overtime, and the wage and hour violations alleged in this Complaint, amongst other

things.

23.     Defendant encouraged, suffered and permitted the Representative Plaintiff

and the collective class to work more than forty (40) hours per week without the proper

overtime compensation.

24.     Defendant knew that Representative Plaintiff and the collective class

performed work that required additional wages and overtime compensation to be paid.

Nonetheless, Defendant operated under a scheme, as described above, to deprive the

representative Plaintiff and the collective class of wages and overtime compensation.

25.     Defendant's conduct, as alleged herein, was willful and has caused

significant damage to Representative Plaintiff and the collective class.

26.     Defendant is liable under the FLSA for failing to properly compensate

representative Plaintiff and the collective class. Plaintiff requests that the Court authorize

notice to the members of the collective class to inform them of the pendency of this

action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the

purpose of seeking unpaid wages, unpaid overtime compensation, liquidated damages

under the FLSA, and the other relief requested herein.

27.     Plaintiff estimates that there are at least 100 members of the collective

class. The precise number of collective class members can be easily ascertained by using

Defendant's payroll and personnel records. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's offices.

## COUNT 1 – VIOLATION OF FAIR LABOR STANDARDS ACT:

## UNPAID OVERTIME

28.     Plaintiffs incorporate by reference all preceding paragraphs.

29.     The Representative Plaintiff and other ATE's are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

30.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

31.     Plaintiff worked in excess of 40 hours per week for the Defendants, but were not properly paid overtime wages in violation of the FLSA.

32.     Through its actions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate the Representative Plaintiff and other ATE's for all actual overtime worked at the proper rate of pay.

33.     Defendant also willfully failed to pay wages, overtime pay and other benefits to the Plaintiff and others by failing to keep accurate time records to avoid paying him overtime wages and benefits.

34.     The foregoing actions of Defendant violated the FLSA.

35.     Defendant's actions were willful and not in good faith.

36.     As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages.

37.     Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

38.     Plaintiff is also entitled to injunctive relief to prevent Defendants from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## JURY TRIAL DEMANDED

39.     Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

40.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Christian Vallejo, individually and on behalf of all others similarly situated, by and through his attorneys demand judgment against the Defendant and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiff for the nature, extent and duration of their damages, the costs of this action and follows:  respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the following damages:

A.     Order the Defendants to file with this Court and furnish to counsel a list of all names, telephone numbers and addresses of all ATE's or any other similarly titled position who have worked for the Defendants within the last three years;

B.     Authorize Plaintiff's counsel to issue notice at the earliest possible time to all ATE's or any other similarly titled position who have worked for the Defendants within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this

lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C.   Certify a class for Count I of all individuals who are currently employed and classified as non-exempt, ATE's or were so employed and classified by one or more of the Defendants, its subsidiaries or affiliated companies in the state of Texas at any time during the relevant statute of limitations period.

D.   Appoint Kevin A. Murray, LLC as counsel for the Plaintiffs;

E.   Declare and find that the Defendants committed one or more of the following acts:
   i.   Violated provisions of the FLSA by failing to pay regular wages, overtime wages and other benefits to Plaintiffs and similarly situated persons who opt-in to this action; and,
   ii.   Willfully violated provisions of the FLSA.

F.   Award compensatory damages, including all pay owed and wrongful deductions made, in an amount according to proof;

G.   Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

H.   Award liquidated damages on all compensation due accruing from the date such amounts were due;

I.   Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

J.   Grant leave to amend to add claims under applicable state and federal laws;

K.   Application of the three year statue of limitations for willful FLSA violations;

L.   Certification as a collective action;

M.   Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

N.   All reasonable and necessary costs incurred in pursuit of this lawsuit; and

L.   For such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Kevin A. Murray
Kevin A. Murray
SBN:  24007720
Southern Dist. No. 23100
Yorktown Building
1776 Yorktown, Suite
Houston, TX 77056
(713) 355-5500 Phone
(713) 212-0290 Fax

Attorney for Plaintiff