**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHRISTIAN VALLEJO, individually and on behalf of all similarly situated current and former employees, | § § § § | |
| Plaintiff, | § § | |
| | § | C.A. NO.:  4:12-cv-00555 |
| v. | § § | |
| GARDA CL SOUTHWEST, INC. | § § | |
| Defendant. | § § | |

### ANSWER OF DEFENDANT GARDA CL SOUTHWEST, INC.

Defendant, Garda CL Southwest, Inc. ("Defendant") files the following Answer to the Original Complaint in the above-captioned action.

Defendant answers each numbered paragraph of the Complaint as follows:

### BACKGROUND

1.      Defendant admits that Plaintiff is a former employee as alleged in Paragraph 1 of the Complaint.    Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

### PARTIES

2.      Defendant admits that Plaintiff is an individual resident of Texas and former employee as alleged in Paragraph 2 of the Complaint.    Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of the Complaint.

4.      Defendant acknowledges that Plaintiff purports to bring an action under the FLSA on behalf of an alleged group of "similarly situated" employees.  However, Defendant denies that any such group exists, and further denies the allegations in Paragraph 2 of the Complaint.

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.      Defendant admits that this action is properly brought in this Court as alleged in Paragraph 7 of the Complaint.

8.      Defendant admits that this action is properly brought in this Court as alleged in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the complaint and avers that there are no state law claims pleaded in the Complaint.

10.     Defendant admits that venue is proper in this Court as alleged in Paragraph 10 of the Complaint.

## FACTS

11.     Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint, as stated.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

20.     Defendant acknowledges that Plaintiff purports to bring this action as a collective action pursuant to the FLSA.  However, Defendant denies that this action is properly brought or maintainable as a collective action under the FLSA, as alleged in Paragraph 20 of the Complaint. Defendant also denies that Plaintiff is entitled to any of the relief and/or damages sought in Paragraph 20 or otherwise.

21.     Paragraph 21 of the Complaint does not require an answer.  However, to the extent an answer is needed, Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint. Defendant also denies that a "collective class" exists or that this action can be brought or maintained as a FLSA collective action.

**COUNT 1 – VIOLATION OF FAIR LABOR STANDARDS ACT:**
**UNPAID OVERTIME**

28.     Defendant incorporates its responses to each of the preceding Paragraphs as though fully set forth herein.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint, which misstates the language of 29 U.S.C. § 207(a)(1).

31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.     Paragraph 39 does not require an answer.

40.     Defendant denies that Plaintiff is entitled to any of the damages or relief that he seeks in his prayer for relief including its subparts (a) through (l).

41.     Defendant denies any and all allegations not specifically responded to herein.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

To the extent Plaintiff asserts state law claims, this Court lacks jurisdiction over such claims.

### THIRD DEFENSE

At no time did Defendant pay Plaintiff in a manner known or believed to violate any applicable legal requirement, nor did Defendant compensate Plaintiff in willful disregard of any applicable FLSA requirements.

### FOURTH DEFENSE

Plaintiff has not and cannot satisfy the requirements for proceeding in a collective action under the FLSA "on behalf of all similarly situated current and former employees."

## FIFTH DEFENSE

Defendant paid Plaintiff all sums of money to which he was entitled.

## SIXTH DEFENSE

Plaintiff lacks standing to bring some or all of the claims alleged in the Complaint.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or the common law doctrine of laches.

## EIGHTH DEFENSE

Plaintiff's FLSA claims must be commenced within two years after the claims accrued because any purported violation by Defendant was not willful.

## NINTH DEFENSE

Plaintiff's state law claims, if any, are preempted by the FLSA.

## TENTH DEFENSE

Plaintiff is exempt from the overtime pay provisions of the FLSA pursuant to 29 U.S.C. § 213 *et seq*., and from the overtime provisions of applicable state law, to the extent he pleads claims under state law.

## ELEVENTH DEFENSE

Any act or omission of Defendant complained of by Plaintiff was in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals, and interpretations of the Administrator of the Wage and Hour Division of the Department of Labor, and in conformity with administrative practices and enforcement policies of the Administrator of the Wage and Hour Division of the Department of Labor with respect to Plaintiff.

## TWELFTH DEFENSE

Plaintiff is not entitled to any liquidated damages under the FLSA because any claimed act or omission giving rise to this action was in good faith and based on Defendant's reasonable grounds for believing that any such act or omission was in compliance with the FLSA.

## THIRTEENTH DEFENSE

Plaintiff, by his actions and/or omissions, has waived and/or is otherwise estopped from asserting his claim against Defendant because, among other reasons, Plaintiff was paid for all hours worked, Plaintiff did not request payment for unpaid wages, if any, until this lawsuit, and Plaintiff further ratified and/or failed to mitigate any damages associated with the nonpayment of wages, if any, by confirming the accuracy of his paychecks and time sheets each week.

## FOURTEENTH DEFENSE

Plaintiff's equitable claim for injunctive relief is barred by the common law doctrine of unclean hands.

## FIFTEENTH DEFENSE

Any violation by Defendant was *de minimus* and does not entitle Plaintiff to the relief sought in the Complaint.

## SIXTEENTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses in the event and to the extent that additional persons become plaintiffs in this lawsuit, and/or as may be appropriate in connection with facts obtained through discovery.

WHEREFORE, Defendant requests that the Complaint be dismissed with prejudice and that the costs and attorneys' fees for the defense of this action be assessed against Plaintiff.

Dated this 12th day of June, 2012.

Respectfully submitted,

By:     /s/ Robert F. Friedman
        Robert F. Friedman, Attorney in Charge
        Texas Bar No. 24007207
        Southern District of Texas Bar No.  38262
        **LITTLER MENDELSON, P.C**.
        2001 Ross Avenue, Suite 1500
        Dallas, Texas 75201-2931
        Tel:  (214) 880-8100
        Fax:  (214) 880-0181
        rfriedman@littler.com

## ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on the 12th day of June, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.

By:     /s/ Robert F. Friedman
        Robert F. Friedman

Firmwide:112369865.1 067762.1109

7