# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIAN VALLEJO, individually and on behalf of all similarly situated current and former employees, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | C.A. NO.: 4:12-cv-00555 |
| GARDA CL SOUTHWEST. INC., | § § § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS AND COMPEL ARBITRATION, AND BRIEF IN SUPPORT**

Robert F. Friedman
Attorney in Charge
Texas Bar No. 24007207
Southern District No. 382
Edward F. Berbarie
Texas Bar No. 24045483
Southern Dist. No. 941117
Russell R. Zimmerer
Texas Bar No. 24063988
Southern Dist. No. 1132644

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201-2931
Tel: (214) 880-8100
Fax: (214) 880-0181
rfriedman@littler.com
eberbarie@littler.com
rzimmerer@littler.com

**ATTORNEYS FOR DEFENDANT**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION AND SUMMARY OF THE ARGUMENT | | 1 |
| II. | STATEMENT OF NATURE AND STAGE OF PROCEEDING | | 2 |
| III. | STATEMENT OF ISSUES AND STANDARD OF REVIEW | | 3 |
| IV. | FACTUAL BACKGROUND: | | 4 |
| V. | ARGUMENTS AND AUTHORITIES | | 7 |
| | A. | Intervenors' Claims Must Be Arbitrated | 7 |
| | B. | Any doubts should be resolved in favor of arbitration | 9 |
| | C. | The Arbitrator – Not this Court – Should Determine Whether This Matter Is Arbitrable In The First Place | 10 |
| | D. | The Arbitration Must Proceed As an Individual Action, Rather Than A Class or Collective Action | 11 |
| VI. | CONCLUSION AND REQUEST FOR RELIEF | | 14 |

# TABLE OF AUTHORITIES

                                                                                 **Page(s)**

**CASES**

*14 Penn Plaza LLC v. Pyett,*
   556 U.S. 247 (2009) ................................................................................................ 6, 12

*AT&T Mobility LLC v. Concepcion,*
   131 S. Ct. 1740 (U.S. 2011) .............................................................................. 2, 11, 12, 13

*Carter v. Countrywide Credit Indus.,*
   362 F.3d 294 (5th Cir. 2004) .......................................................................................... 9

*Coleman v. Jenny Craig, Inc.,*
   2012 U.S. Dist. LEXIS 70789 (S.D. Cal. May 15, 2012) ............................................. 13

*Electrostim Med. Servs. v. Health Care Serv. Corp.,*
   2012 U.S. Dist. LEXIS 155107 (S.D. Tex. Oct. 30, 2012) ............................................ 9

*Garrett v. Circuit City Stores, Inc.,*
   449 F.3d 672 (5th Cir. 2006) .......................................................................................... 9

*Goodale v. George S. May Int'l Co.,*
   2011 U.S. Dist. LEXIS 37111 (E.D. Ill. April 5, 2011) ............................................... 13

*Grabowski v. C.H. Robinson Co.,*
   817 F.Supp.2d 1159 (S.D. Cal. Sept. 19, 2011) ........................................................... 13

*Hill v. Garda CL Nw., Inc.,*
   281 P.3d 334 (Wash. Ct. App. 2012, rev. granted) ................................... 8, 11, 12, 16

*Howsam v. Dean Witter Reynolds,*
   537 U.S. 79 (2002) ......................................................................................................... 3

*Karp v. Cigna Healthcare, Inc.,*
   2012 U.S. Dist. LEXIS 54215 (D. Mass. Apr. 18, 2012) ............................................. 13

*Kinecta Alt. Fin. Solutions v. Superior Court,*
   2012 Cal. App. LEXIS 487 (Cal. App. 2d Dist., April 25, 2012) ................................ 13

*LaVoice v. UBS Fin. Serv., Inc.,*
   2012 U.S. Dist. LEXIS 5277 (S.D.N.Y. Jan. 13, 2012) ............................................... 13

*Lim v. Offshore Specialty Fabricators, Inc.,*
   404 F.3d 898 (5th Cir.), *cert denied*, 531 U.S. 1013 (2005) ......................................... 9

*Litton Fin. Printing Div., Litton Bus. Sys., Inc. v. NLRB*,
    501 U.S. 190 (1991) ............................................................................................................. 7

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983) ............................................................................................................ 4, 9

*Palmer v. Convergys Corp.*,
    2012 U.S. Dist. LEXIS 16200 (M.D. Ga. Feb. 9, 2012) ................................................. 13

*Reed v. Fla. Metro. Univ.*,
    2012 U.S. App. LEXIS 10048 (5th Cir. May 18, 2012) ................................... 2, 4, 11, 12

*Rent-A-Center West, Inc. v. Jackson*,
    130 S.Ct. 2772 (2010) ..................................................................................... 2, 4, 10, 11

*Steelworkers v. Warrior & Gulf Nav. Co.*,
    363 U.S. 574, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960) .................................................. 10

*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*,
    130 S. Ct. 1758 (U.S. 2010) ............................................................................ 2, 4, 11, 12

*Vallejo v. Garda CL Southwest, Inc.*,
    No. 4:12-cv-00555, 2013 U.S. Dist. LEXIS 12327 (S.D. Tex. Jan. 30, 2013) .......... 2, 3, 11

**STATUTES**

29 U.S.C. § 159(a) ................................................................................................................... 7

Federal Arbitration Act, 9 U.S.C. §§ 3, 4 ................................................................................. 1

NLRA, 29 U.S.C. § 151, *et seq.* .............................................................................................. 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTIAN VALLEJO, individually and on behalf of all similarly situated current and former employees, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § § | C.A. NO.: 4:12-cv-00555 |
| GARDA CL SOUTHWEST, INC. | § § § | |
| Defendant. | § § | |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS AND COMPEL ARBITRATION, AND BRIEF IN SUPPORT**

Defendant, Garda CL Southwest, Inc. ("Garda" or the "Company"), pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3, 4, moves the Court to dismiss or, in the alternative, stay this proceeding and compel the Intervenor Plaintiffs Artemio Caballero ("Caballero"), Karlnetta Coleman ("Coleman") and Jason Winn ("Winn") (hereinafter and collectively the "Intervenors") to arbitrate their claims on an individualized basis, as provided and negotiated for in the Houston / North Houston Drivers Association Collective Bargaining Labor Agreement.[1] In support of its motion, Garda would respectfully show the Court as follows:

I.      **INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Intervenors' claims against Garda must be decided in arbitration because these claims are expressly covered by the grievance and arbitration provisions of a collective bargaining agreement that was negotiated, bargained for and entered into by an exclusive bargaining representative (the Houston / North Houston Drivers Association) on all

---

[1] Intervenors were members of the Houston / North Houston Drivers Association (hereinafter the "Union") and subject to the terms and conditions of a collective bargaining agreement entered into between the Union and the Company (the "Agreement").

drivers/messengers/guards' behalf. As a result, under the National Labor Relations Act ("NLRA"), this Court is required to enforce the terms of the Agreement; these terms require Intervenors to arbitrate any claims regarding their rate of pay or entitlement to compensation under federal law, or related to their employment relationship with Garda. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009). The Agreement also assigns all questions regarding its interpretation and application to arbitration, and this Court, therefore, must also yield to arbitration in relation to any question that would require interpreting or applying the Agreement in the first place. *See Rent-A-Center West, Inc. v. Jackson*, 130 S.Ct. 2772 (2010).

It is also well-settled under both Supreme Court and Fifth Circuit precedent that a party cannot be required to participate in class-wide arbitration, unless the party has expressly agreed to do so. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1751 (U.S. 2011); *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1773 (U.S. 2010); *Reed v. Fla. Metro. Univ.*, 2012 U.S. App. LEXIS 10048 (5th Cir. May 18, 2012). Because Garda has never agreed to participate in any type of class or collective action arbitration, this Court cannot require Garda to defend against these types of claims in arbitration.

As a result, this Court should dismiss Intervenors' claims and order them to arbitrate their claims on an individualized basis as provided for in the Agreement.

## II. STATEMENT OF NATURE AND STAGE OF PROCEEDING

The procedural posture and history of this matter was set forth and discussed at length by the Court in its January 30, 2013, Memorandum and Order (the "Order") granting Defendant's prior motion to compel arbitration as it related to Plaintiff Christian Vallejo. *See Vallejo v. Garda CL Southwest, Inc.*, No. 4:12-cv-00555, 2013 U.S. Dist. LEXIS 12327 (S.D. Tex. Jan. 30, 2013) (Doc. No. 36). That same Order also granted the Intervenors' motion to intervene in these proceedings, which gave rise to and necessitated the instant Motion. *See id.*

Intervenors' employment was covered by a collective bargaining agreement agreed to by union representatives, and the Supreme Court has expressly held that "[n]othing in the law suggests a distinction between the status of arbitration agreements signed by an individual employee and those agreed to by a union representative." *14 Penn Plaza LLC,* 556 U.S. at 258. Because this Court has already found the precise arbitration provision requires arbitration on an individualized basis of the exact claims before it, as it related to Plaintiff Vallejo (including all of the state law claims set forth by Vallejo *(and subsequently, the Intervenors)*), the Court should follow Supreme Court precedent and (again) likewise rule that the collective bargaining provisions require Intervenors to arbitrate their claims in an individualized manner as well.

### III.  STATEMENT OF ISSUES AND STANDARD OF REVIEW

The issues to be determined by this Court are: (1) whether Intervenors' claims must be arbitrated; (2) whether this Court or an arbitrator may decide in the first place any questions which require the interpretation or application of the parties' agreement to arbitrate; and (3) whether Intervenors' claims may proceed in arbitration as an individual or a collective action.

Normally in deciding whether to compel arbitration, the trial court is tasked with determining two "gateway" issues: (1) whether there was an agreement to arbitrate; and (2) whether the agreement covers the dispute. *Howsam v. Dean Witter Reynolds,* 537 U.S. 79, 83-84 (2002). These issues, however, were addressed by the Court in its January 30, 2013, Memorandum and Order directing Plaintiff Christian Vallejo to arbitrate each of his claims, and need not be decided nor addressed again as it relates to Intervenors. *See Vallejo v. Garda CL Southwest, Inc.,* 2013 U.S. Dist. LEXIS 12327. But, should any question arise as to the scope or application of the Agreement, the law is clear that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).

Under the NLRA, a provision in a collective bargaining agreement that requires union members to arbitrate a federal claim against their employer is enforceable, and "the arbitration provision must be honored unless the [federal statute] itself removes this particular class of grievances from the NLRA's broad sweep." *14 Penn Plaza LLC*, 556 U.S. at 257-58 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)).

Likewise, if parties have clearly and unmistakably assigned certain gateway issues to arbitration, such as issues that require the interpretation or application of the parties' agreement, a Court must yield to arbitration as to any questions that require the interpretation or application of the agreement. *See Rent-A-Center West, Inc.*, 130 S. Ct. at 2777-2778. And, as this Court noted in its January 30, 2013, Order granting Defendant's prior motion to compel arbitration as it related to Plaintiff Christian Vallejo, the parties have (if any question were to arise) clearly and unmistakably assigned certain gateway issues to the arbitrator. *See Vallejo v. Garda CL Southwest, Inc.*, 2013 U.S. Dist. LEXIS 12327 (Doc. No. 36).

Lastly, a party may not be compelled to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so. *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1775 (2010); *see also Reed*, 2012 U.S. App. LEXIS 10048.

## IV. FACTUAL BACKGROUND:

Garda is a full service cash logistics company that processes and handles cash and checks for financial institutions and retailers. *See* Declaration of Martha Rodriguez, attached hereto as Exhibit 1 (App. 1-3.) Garda operates facilities throughout the United States, each of which, on a daily basis, exchanges, delivers and routes currency and checks between banks and the ultimate end consumers – including several of the country's Federal Reserve Banks. (App. 2, ¶4.) Garda handles and processes monies that travel in interstate commerce. (*Id.*)

Plaintiff Caballero was employed by Garda on June 7, 2010, as driver/messenger/guard at its facility located in Houston, Texas, and currently works for the Company. *See* Intervenors' Compl. in Interv. (Doc. 33). Plaintiff Coleman was employed by Garda on January 17, 2011, as driver/messenger/guard at its facility located in Houston, Texas, until her employment was terminated on January 31, 2012. *See id.* Plaintiff Winn was formerly employed with Garda as driver/messenger/guard at its facility located in Houston, Texas, until his employment was terminated on September 14, 2010. *See id.* Intervenors were members of the Union and subject to the terms and conditions of a collective bargaining Agreement entered into between the Union and the Company. The Agreement is attached as Exhibit A to the Declaration of Winton Blackmon. (App. 6-23). An Agreement setting forth terms and conditions of employment for the drivers/messengers/guards and Garda (as well as its predecessors) has been negotiated and in effect since at least 2006. (*See* Declaration of Winton Blackmon, App. 5, ¶5). Each Agreement has included a "grievance and arbitration" provision that requires arbitration of claims or disputes regarding "rates of pay, entitlement to compensation, benefits, hours, or working conditions set forth herein, including without limitation ... the interpretation or application of this Agreement ... or any claim under any federal, state or local law, statute or regulation or under any common law theory whether residing in contract, tort or equity or any other claim related to the employment relationship." (App. 11). These Agreements are negotiated and bargained for by an exclusive bargaining representative (the Houston / North Houston Drivers Association) on all drivers/messengers/guards' behalf. (App. 6).

The Agreement unequivocally states that the Union is the "exclusive representative for purposes of collective bargaining for all driver/messenger/guards ... employed by the Company at its facility located in Houston/North Houston." (App. 6.) "As the employees' exclusive bargaining representative, the Union 'enjoys broad authority . . . in the negotiation and

administration of [the] collective bargaining contract.'" *14 Penn Plaza LLC,* 556 U.S. at 255-256 (quoting *Comm'ns Workers v. Beck,* 487 U.S. 735, 739 (1988)).

All employment-related disputes must be submitted to the grievance and arbitration provisions set forth within the Agreement, and it specifically covers any:

> ***legitimate controversy, claim or dispute by an employee***, shop steward or the Union concerning ***rates of pay, entitlement to compensation***, benefits, hours, or working conditions set forth herein .... ***any claim under any federal, state or local law, statute or regulation*** or under any common law theory whether residing in contract, tort or equity ***or any other claim related to the employment relationship***.

(App. 11) (emphasis added). The Agreement sets forth the procedures by which employees are to submit grievances to the Company and ultimately to an arbitrator for resolution, and the Agreement provides: **"The decision of the arbitrator shall be final and binding upon the grievant and all parties to this Agreement."** (App. 12.) (emphasis added). The Agreement further provides that any dispute regarding the "interpretation or application of this Agreement" is likewise to be decided through arbitration." (App. 10.)

Despite the fact that union representatives bargained for and agreed to arbitrate all controversies, claims or disputes related to any driver/messenger/guard's employment with Garda, including disputes regarding rates of pay or entitlement to compensation or under any federal law, Intervenors intervened in this lawsuit claiming that they are entitled to compensation (overtime pay) under the FLSA.

## V. ARGUMENTS AND AUTHORITIES

### A. INTERVENORS' CLAIMS MUST BE ARBITRATED

Intervenors' claims must be arbitrated under the NLRA, 29 U.S.C. § 151, *et seq.* The Supreme Court has clearly spoken on and addressed this precise issue – Intervenors *must* arbitrate all claims relating to their employment with Garda.

Under the NLRA, employees may designate a union as their "exclusive representative . . . for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment." 29 U.S.C. § 159(a). Indeed, the NLRA mandates and prohibits Intervenors from pursuing their claim anywhere other than through arbitration; arrangements for the arbitration of disputes are a term or condition of employment and a mandatory subject of bargaining. *See Litton Fin. Printing Div., Litton Bus. Sys., Inc. v. NLRB*, 501 U.S. 190, 199 (1991). This tracks the specific happenings in this matter, whereby the Union, negotiating on behalf of all drivers/messengers/guards, collectively bargained in good faith and agreed that all employment related claims, including claims brought here by the Intervenors, would be resolved in arbitration.[2]

> This freely negotiated term between the Union and the [employer] easily qualifies as a "conditio[n] of employment" that is subject to mandatory bargaining under § 159(a) [...] *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 578, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960) ("[A]rbitration of labor disputes under collective bargaining agreements is part and parcel of the collective bargaining process itself"); *Textile Workers v. Lincoln Mills of Ala.*, 353 U.S. 448, 455, 77 S. Ct. 912, 1 L. Ed. 2d 972 (1957) ("Plainly the agreement to arbitrate grievance disputes is the quid pro quo for an agreement not to strike"). The decision to fashion a collective bargaining agreement to require arbitration of employment-discrimination claims is no different from the many other decisions made by parties in designing grievance machinery.

*14 Penn Plaza LLC*, 556 U.S. at 256.

In *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), the United States Supreme Court held that a provision in a collective bargaining agreement that requires union members to arbitrate a federal claim against their employer is enforceable as a matter of law. In fact, the Supreme Court found that, "as the employees' exclusive bargaining representative, the Union 'enjoys broad authority ... in the negotiations and administration of the collective bargaining

---

[2] A Washington Court of Appeals just recently enforced a nearly identical arbitration provision for Garda. *See, infra., Hill v. Garda CL Nw., Inc.*, 281 P.3d 334 (Wash. Ct. App. 2012) (holding that the grievance and arbitration

contract'" (*id*. at 255-56) and, "[j]udicial nullification of contractual concessions ... is contrary to what the Court has recognized as one of the fundamental policies of the National Labor Relations Act—freedom of contract." *Id*. at 256-57. The Court stated:

> As in any contractual negotiation, a union may agree to the inclusion of an arbitration provision in a collective-bargaining agreement in return for other concessions from the employer. ***Courts generally may not interfere in this bargained-for exchange.***

*Id*. at 257 (emphasis added).

Moreover, the Court provided that so long as the arbitration provision "clearly and unmistakably" requires an employee to arbitrate their discrimination claim and there is "no evidence that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue," the employee is required to follow those provisions and is barred from bringing the same claims as a lawsuit in federal or state court. *See id*. at 274 (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)); *see also Hill v. Garda CL Nw., Inc.*, 281 P.3d 334 (holding that an identical labor agreement clearly and unmistakably covered statutory wage claims). The Court then determined that, "the arbitration provision must be honored unless the [federal statute] itself removes this particular class of grievances from the NLRA's broad sweep." *14 Penn Plaza LLC*, 556 U.S. at 257-58 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Because the ADEA, the federal statute at issue in *14 Penn Plaza LLC*, does not preclude the arbitration of claims brought under the statute, the arbitration provision in *14 Penn Plaza LLC* was enforceable. *Id*. at 274.

Here too, the Union and Garda have entered into a collective bargaining agreement and Intervenors were/are members of the bargaining unit covered by the Agreement. Just like in *14 Penn Plaza LLC*, the Agreement expressly covers the claims brought under a federal statute

---

provision required individual arbitration of wage and hour claims brought by plaintiffs who were members of the

against their employer.[3] And, just like in *14 Penn Plaza LLC*, the FLSA does not preclude the arbitration of claims brought under the statute. *See, e.g., Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 298 (5th Cir. 2004) (rejecting claim that inability to proceed collectively deprived plaintiffs of substantive rights available under FLSA); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 905-06 (5th Cir.) (holding that FLSA claims are arbitrable), *cert denied*, 531 U.S. 1013 (2005).[4]

Accordingly, this Court must respect the Agreement under the NLRA, and Intervenors are therefore required to arbitrate their claims against Garda.

### B. ANY DOUBTS SHOULD BE RESOLVED IN FAVOR OF ARBITRATION

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25. "Because of the strong presumption in favor of arbitration, 'a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity.'" *Electrostim Med. Servs. v. Health Care Serv. Corp.*, 2012 U.S. Dist. LEXIS 155107 (S.D. Tex. Oct. 30, 2012) (quoting *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004)). Indeed, district courts must defer to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute . . . doubts should be resolved in favor of coverage." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583 (1960). Accordingly, to the extent any doubts exist as to whether Intervenors' claim should

---

bargaining unit and that the parties had unequivocally agreed to arbitrate their disputes).
[3] The arbitration and grievance procedures in the Labor Agreement are clear that they relate to claims or disputes regarding rates of pay, hours, compensation and "any claim under any federal, state or local law, statute or regulation or under any common law theory whether residing in contract, tort or equity or any other claim related to the employment relationship." *See* Dec. of Winton Blackmon (App. 5, ¶5).
[4] The party attempting to avoid arbitration has the "burden to prove that Congress intended to preclude a waiver of a judicial forum" for the claim at issue. *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 674 (5th Cir. 2006).

be arbitrated under the Agreement, this Court must resolve any such doubts in favor of arbitration.

### C. THE ARBITRATOR – NOT THIS COURT – SHOULD DETERMINE WHETHER THIS MATTER IS ARBITRABLE IN THE FIRST PLACE

The Agreement provides that *"the interpretation or application of this Agreement"* shall also be submitted to arbitration by the parties. (App. 10.) (emphasis added) This means that the arbitrator, and not this Court, has the authority to resolve all questions concerning the interpretation and application of this Agreement, including whether the Agreement is enforceable and whether Plaintiff's claims are arbitrable. *See Rent-A-Center West, Inc. v. Jackson,* 130 S.Ct. 2772 (2010).

While ordinarily, courts decide the gateway issue of arbitrability, in *First Options of Chicago, Inc. v. Kaplan*, the Supreme Court allowed the parties to clearly and unmistakably provide otherwise. 514 U.S. 938, 943-44 (1985). In *Rent-A-Center, West, Inc. v. Jackson*, the Supreme Court reasoned:

> An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other.

130 S. Ct. at 2777-2778.

"In the present suit, to the extent [Intervenors] challenge[] the validity of the collective-bargaining agreement, it is a challenge to the validity of the entire agreement, not to the arbitration provision. That invalidity challenge is for an arbitrator to decide under *Prima Paint* and the many similar cases." *Vallejo v. Garda CL Southwest, Inc.*, 2013 U.S. Dist. LEXIS 12327. Given this, just like in *First Options* and *Rent-A-Center*, the parties have clearly and unmistakably assigned questions regarding the interpretation and application of the Agreement to an Arbitrator, and this Court must enforce this agreement like it would any other. As a result,

this Court may not resolve any questions that require the interpretation or application of the Agreement, including whether the Agreement is valid and enforceable in the first place and/or whether the Agreement applies to the claim asserted by Plaintiff. The Court noted as much in its January 30, 2013, Order granting Defendant's prior motion to compel arbitration as it related to Plaintiff Christian Vallejo. *See Vallejo v. Garda CL Southwest, Inc.*, 2013 U.S. Dist. LEXIS 12327 (Doc. No. 36). Given this, these questions should be reserved for the Arbitrator.

### D. THE ARBITRATION MUST PROCEED AS AN INDIVIDUAL ACTION, RATHER THAN A CLASS OR COLLECTIVE ACTION

It is improper to force a party into a class proceeding to which it did not agree, because arbitration "is a matter of consent." *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1773 (U.S. 2010). The United States Supreme Court has held that, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Id.*, 130 S. Ct. at 1775 (emphasis original). Moreover, the United States Supreme Court has said, outright, that class arbitration is inconsistent with the FAA. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1751 (U.S. 2011)

The Fifth Circuit Court of Appeals recently addressed this same issue, acknowledging that it must follow Supreme Court precedent that protects a party from being compelled to arbitrate class claims where the arbitration agreement is silent with respect to such claims because, after all, "arbitration 'is a matter of consent, not coercion.'" *See Reed v. Fla. Metro. Univ.*, 2012 U.S. App. LEXIS 10048 (5th Cir. May 18, 2012) (quoting *Stolt-Nielsen*, "there can be only one possible outcome on the facts before us").

The Agreement here, just like the agreements at issue in *Stolt-Nielsen* and *Reed* referred to above, provides no contractual basis for Garda to have to defend a class or collective action in

arbitration. Rather, the language set forth in the Agreement contemplates claims by "an employee" or a "shop steward" – not a class. (App. 6.) Garda has never agreed or consented to participate in a class or collective-action arbitration and it cannot be required to do so. Thus, the Agreement's express intent is inconsistent with class-wide arbitration. *See Concepcion*, 131 S. Ct. at 1751 ("class arbitration sacrifices the principal advantage of arbitration—its informality—and makes the process slower, more costly, and more likely to generate procedural morass than final judgment.").

Notably, the nearly identical arbitration provision found in this Agreement was found by a Washington State Court of Appeals to be both enforceable and to bar class arbitration. *See Hill v. Garda CL Nw., Inc.*, 281 P.3d 334 (Wash. Ct. App. 2012, rev. granted) ("A court may not require a party to submit to class arbitration unless the party agreed to do so. Because the arbitration agreements central to this appeal are silent on the issue, the trial court erred by ordering the parties to submit their dispute to class arbitration."). The court found:

> In this case, the grievance procedures in the collective bargaining agreements require arbitration of all grievances, which are defined as
>
> "a legitimate controversy, claim or dispute by an employee, shop steward or the Union concerning rates of pay, entitlement to compensation, benefits, hours, or working conditions set forth herein, including without limitation, claims of harassment or discrimination or hostile work environment in any form, ... or any claim of retaliation for making any such or similar claim, or the interpretation or application of this Agreement or any agreement made supplementary thereto, or any claim under any federal, state or local law, statute or regulation or under any common law theory whether residing in contract, tort or equity or any other claim related to the employment relationship."
>
> These arbitration agreements require employees to submit *any* claim under *any* federal, state, or local law to the grievance procedure outlined in the arbitration agreement. Clearly, **this provision encompasses the employees' wage claims under chapter 49.52 RCW and chapter 49.12 RCW. The requirement to arbitrate is clear and unmistakable. The employees waived their rights to pursue their claims through litigation.**

*Hill,* 281 P.3d at 339 (emphasis in original; bold emphasis added). The court continued as follows:

> Turning to the arbitration agreements in this case, **the contracts here, as in *Stolt-Nielsen*, are silent on the issue of class arbitration.** When it compelled the parties to arbitrate on a class-wide basis, the trial court did not ascertain the parties' intent from the language of the agreement. **Because no contractual basis existed allowing the court to order class arbitration, the trial court erred by doing so.**
>
> As in *Stolt-Nielsen*, **only one possible outcome exists under the facts of this case; therefore, we do not remand to either the court or the arbitrator for determination of whether the arbitration agreement allows class arbitration. As a matter of law, the trial court could not compel class arbitration. We remand for individual arbitration.**

*Id.* at 341 (bold emphasis added).

Various other courts have found that arbitration must proceed on an individualized basis where there was no agreement by the parties to proceed as a class. *See, e.g, Coleman v. Jenny Craig, Inc.,* 2012 U.S. Dist. LEXIS 70789 (S.D. Cal. May 15, 2012) (compelling arbitration of FLSA claims on individual basis only); *Kinecta Alt. Fin. Solutions v. Superior Court,* 2012 Cal. App. LEXIS 487 (Cal. App. 2d Dist., April 25, 2012); *Karp v. Cigna Healthcare, Inc.,* 2012 U.S. Dist. LEXIS 54215, 13-14 (D. Mass. Apr. 18, 2012); *Palmer v. Convergys Corp.,* 2012 U.S. Dist. LEXIS 16200 (M.D. Ga. Feb. 9, 2012) (same); *LaVoice v. UBS Fin. Serv., Inc.*, 2012 U.S. Dist. LEXIS 5277, *19-20 (S.D.N.Y. Jan. 13, 2012) (relying on *Stolt-Nielson* and *Concepcion* to enforce and compel arbitration of plaintiffs' FLSA claims on an individualized basis); *Grabowski v. C.H. Robinson Co.,* 817 F.Supp.2d 1159, 1169 (S.D. Cal. Sept. 19, 2011) (holding "that the NLRA does not operate to invalidate or otherwise render unenforceable" class and collective action waiver in arbitration agreement); *Goodale v. George S. May Int'l Co.,* 2011 U.S. Dist. LEXIS 37111 (E.D. Ill. April 5, 2011) (holding that arbitration should proceed on individual basis because "*Stolt-Nielson* protects a party from being compelled to arbitrate class claims where the arbitration agreement is silent with respect to such claims").

As in the above cases, Defendant did *not* agree to arbitrate class or collective action type claims in the Agreement. As a result, Defendant *cannot* be forced to arbitrate disputes as a class or collective action.

## VI. CONCLUSION AND REQUEST FOR RELIEF

Accordingly, Defendant requests that this Court dismiss this lawsuit and compel Intervenors to arbitrate their claims on an individual basis in accordance with the terms of the Agreement. In the alternative, Defendant requests that this action be stayed pending the resolution of Intervenors' individualized claims through binding arbitration.

Respectfully submitted,

By: */s/ Robert F. Friedman*
Robert F. Friedman
Attorney in Charge
Texas Bar No. 24007207
Southern District No. 382
Edward F. Berbarie
Texas Bar No. 24045483
Southern Dist. No. 941117
Russell R. Zimmerer
Texas Bar No. 24063988
Southern Dist. No. 1132644

**LITTLER MENDELSON, P.C.**
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201-2931
Tel: (214) 880-8100
Fax: (214) 880-0181
rfriedman@littler.com
eberbarie@littler.com
rzimmerer@littler.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE OF COUNSEL

Pursuant to LR7.1, counsel for Intervenors, Kevin Murray, Esquire, and counsel for Garda CL Southwest, Inc., Robert F. Friedman, Esquire, conferred with each other prior to filing of this motion; however, counsel cannot agree about the disposition of the motion.

*/s/ Robert F. Friedman*
Robert F. Friedman

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.

By: */s/ Robert F. Friedman*
Robert F. Friedman

Firmwide:118740816.3 067762.1109